## A. A. DAVIS v. STATE.

No. A-5373.   Opinion Filed Oct. 2, 1926.

(249 Pac. 431.)

Thomas Norman, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. Plaintiff in error, A. A. Davis, was convicted, and, in accordance with the verdict of the jury, was sentenced to be confined in the county jail for 30 days and pay a fine of $50 on an information which charged that in Carter county, August 17, 1924, he did have in his possession certain intoxicating liquor, to wit, eight quarts of Choctaw beer, with the unlawful intent to sell the same.

From the judgment he appeals, and assigns as error

that the verdict is contrary to the law and the evidence in that there is no evidence that the liquid found in the possession of the defendant was intoxicating liquor.

John W. Ginn, deputy sheriff, testified that he saw the defendant at his home, and while there a car came up with a man and woman in it; that defendant walked up to the car and said something, and then went east into some brush, returning with 2 bottles of what the witness called Choctaw beer; that he asked the defendant where he got it, and defendant showed him a tub containing 5 quarts; that witness took a quart bottle from the defendant, and, returning to town, left the bottle in the county jail, and the next morning he took the same to Dr. Bullock for analysis.

Dr. J. J. Bullock testified that he was connected with the Hardy Sanitarium and was equipped for analyzing liquid for alcoholic contents. His further testimony is as follows:

"Q. I will hand you a little slip and ask you to explain to the jury what it is. A. That is a report sent to the county attorney regarding the analysis of a sample of Choc beer which was handed to me. The analysis showed 7 per cent. alcohol.

"Q. What is the number of the case, Doctor? A. 4888.

"Q. Who named? A. A. A. Davis."

The state rested, and the defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled. The defendant did not testify.

There was, we think, sufficient evidence to warrant submission of the case to the jury, both as to the intent and the alcoholic content.

The judgment of the lower court is accordingly affirmed.